*Holbrook & Corbett,* contra.

---

7703. LIVINGSTON'S PHARMACY *v.* LEWIS MEDICINE COMPANY.

It was error to strike the plea as to the defendant's offer to return to the plaintiff the unsold goods shipped to the defendant under the contract attached to the petition.

DECIDED JUNE 14, 1917.

Complaint; from city court of Savannah—Judge Davis Freeman. July 12, 1916.

*Saussy & Saussy,* for plaintiff in error.

*O'Byrne, Hartridge & Wright,* contra.

BLOODWORTH, J.  The A. H. Lewis Medicine Company shipped certain goods to Livingston's Pharmacy under a contract as follows:

"Special Agency Offer.

"Date, July 7, 1913.

"The A. H. Lewis Medicine Company, St. Louis, Mo.—Gentlemen:  Please ship us by prepaid freight the following goods, subject to conditions hereinafter mentioned:

| | |
|---|---:|
| 142 Doz. Nature's Remedy Tablets at $2.00 per doz. | $284.00 |
| 2 Doz. Nature's Remedy Tablets at $4.00 per doz. | 8.00 |
| 1 Doz. Nature's Remedy Tablets at $8.00 per doz. | 8.00 |
| | $300.00 |
| Less 5 per cent. trade discount | 15.00 |
| | $285.00 |
| Less Lewis Med. Co.'s purchase | 100.00 |
| Amount of invoice | $185.00 |

"Window Displays, show cards, etc.,

"1 Window Displays—4 Display Venders.

"Terms: 2% for cash in thirty days.  Nov. 1, 1913, net.

"Not subject to countermand.

"The A. H. Lewis Medicine Company agrees: To print the purchaser's name on 10,000 samples or booklets for a house to house distribution in the town of Savannah, Ga., to purchase 500 25 cent boxes at 20 cents each, and to mail same with a special letter advertising the purchaser, together with other advertising matter, to a list of names and addresses which the purchaser agrees to make up and furnish to the A. H. Lewis Medicine Company, within 10 days from the date of this order.  The 25 cent boxes to be mailed are to be invoiced at the regular wholesale prices given on this order, and credit is to be given on the invoice at the rate of 20 cents each, making the net amount of the invoice $185.  To make two house to house distributions at their expense within the next 12 months; the first distribution to accompany this shipment. To include in this shipment 100 books and samples for counter use imprinted in like manner.  To guarantee satisfactory sale of goods within 12 months from commencement of advertising cam-

paign (the period over which the advertising plan. extends), and then, at the option of the purchaser, exchange any unsalable sizes, or buy back at purchaser's cost.

"The purchaser agrees: To make window displays for at least one week's duration during each distribution. To wrap the 100 books and samples of Nature's Remedy in packages of customers' purchase. To aid in maintaining a fair selling price on Nature's Remedy. To promptly notify distributor when goods arrive and when to make distribution.

"Should there be no distributor in the purchaser's town, the purchaser agrees to attend. to the distribution at $2.50 per thousand or 25 cents for each 100 pieces.

"Accepted:

"[Signed] The Livingston Pharmacy, Purchaser.    City, Savannah.    State, Ga.

"The A. .H. Lewis Medicine Company,

    "E. M. Bray.

"Attach your label on back."

Livingston's Pharmacy failed to pay for the goods at the time the account was due, to wit, November 1, 1913. Suit was filed and the defendant filed a demurrer and pleas. The case was still pending in court at the July term, 1916, when the defendant offered to amend its plea and answer in part, as follows: "That under the contract made by the plaintiff with the defendant which is attached to the plaintiff's amended petition, the year expired on August 20, 1914, and promptly this defendant tendered back to the plaintiff all goods on hand being all of the unsold goods described in said contract and the cash for such part of said goods that had been sold, to wit, $8.86 at selling price of same, and has continued since that time to offer return of the said goods and said money, but the plaintiff has refused and still refuses to accept said tender." The court struck all the pleas of the defendant, including the above.

Under the contract, after the expiration of the 12 months allowed for the advertising campaign, the plaintiff agreed to "buy back at purchaser's cost" the unsold goods. The record shows that plaintiff is a non-resident. With both parties to the contract already in court, it would be but equitable, proper, and right, under the particular facts of this case, that defendant be allowed

to return to plaintiffs—"sell back"—the unsold goods at cost price. As these unsold goods and the money received for those sold were tendered to the plaintiff promptly after the expiration of the 12 months, and no judgment was prayed for against the plaintiff, the court erred in striking the above portion of the plea. As a new trial is to be granted for the above-mentioned error, it is unnecessary to discuss the other assignments of error in the bill of exceptions.

*Judgment reversed.  Broyles, P. J., and Jenkins, J., concur.*